IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Demetrius Alexander Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:21-2405-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Henry McMaster and Alan Wilson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Demetrius Alexander Brown, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 2; 8). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was automatically referred to a magistrate judge for all pretrial proceedings. On August 16, 2021, the magistrate judge entered an order granting Plaintiff twenty-one days in which to bring the case into proper form. (ECF No. 7). In the order, the magistrate judge informed Plaintiff that his case was subject to summary dismissal, identified multiple deficiencies in the Complaint, and granted Plaintiff twenty-one (21) days to file an amended complaint curing the deficiencies set forth therein. *Id.* at 1–2. The proper form order further warned Plaintiff that if he failed to file an amended complaint within the time permitted, his case may be subject to summary dismissal. *Id*. at 3. On August 27, 2021, Plaintiff filed his Amended Complaint. (ECF No. 10). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss Plaintiff's case with prejudice and without issuance and service of process. (ECF No. 15). Plaintiff filed objections to the Report, (ECF No. 17), and this matter is now ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 15). Briefly, Plaintiff alleges that Defendants "intentionally and purposely permitt[ed] and allow[ed] the Court of General Sessions for the Third Judicial Circuit . . . and the State of South Carolina's Supreme Court" to violate Plaintiff's Fourteenth Amendment equal protection and due process rights. (ECF No. 10 at 5); *see also id.* at 7–8. However, as the magistrate judge noted in his Report, Plaintiff does not allege any facts surrounding Defendants' personal involvement in the alleged constitutional violations. *See generally id.*; *see also* (ECF No. 15 at 4). Instead, Plaintiff alleges the clerks of court violated his constitutional due process right to be heard *pro se*, by counsel, or by both ("hybrid representation"), and argues the state constitution permits such representation. (ECF No. 10 at 7). As to Defendants, Plaintiff alleges they neglected to take action on his *pro se* motions or respond to his Public Domain – Privacy Form COL(01). *Id.* For relief, Plaintiff seeks "[a]ll costs and fees pertaining to the filing and litigation of this hereby foregoing complaint[,] . . . for the parties to [be] held responsible for their actions," and punitive damages. *Id.* at 9.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not

objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts

that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

In his Report, the magistrate judge recommends that the court dismiss the Amended Complaint with prejudice because Plaintiff failed to state a claim for which relief could be granted and to cure the deficiencies identified in the proper form order. (ECF No. 15 at 6). Specifically, the magistrate judge found that Plaintiff failed to plead a plausible, personal causal connection between Defendants and the alleged deprivation of rights. *Id.* at 4. Additionally, to the extent Plaintiff's Amended Complaint attempts to allege supervisory liability on the part of Defendants, the magistrate judge properly noted that, "[g]enerally vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate." *Id*. While the magistrate judge recognized that there is an exception to this rule subject to a three-part test articulated in *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994), the magistrate judge found that "Plaintiff has not alleged any facts to support meeting the exception to supervisory liability here." *Id*. at 5. The magistrate judge further found that, even if Plaintiff were permitted to further amend his complaint to name as defendants the state judiciary personnel identified in his Amended Complaint, Plaintiff's claims against them would be barred by judicial immunity or quasi-judicial immunity. *Id.* at 5–6 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Ross v. Baron*, 49 Fed. App'x 405, 406 (4th Cir. 2012)). Finally, the magistrate judge noted that, to the extent Plaintiff's claims seek to have this

court intervene in his pending state court proceedings, this court is required to abstain from intervening in the state court actions pursuant to *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). *Id*. at 5. Accordingly, the magistrate judge concluded that Plaintiff's Amended Complaint fails to state a claim for which relief may be granted and that any opportunity to further amend his pleadings would be futile. *See id*. at 6.

Though Plaintiff filed objections to the Report (ECF No. 17), they are almost entirely unrelated to the dispositive findings and recommendations therein. Instead, Plaintiff first appears to object to the magistrate judge's statement in the proper form order, not the Report, that the State of South Carolina and the County of Sumter, South Carolina are immune from suit under § 1983. *See id*. at 2–5. Beside the fact that this objection relates to the proper form order instead of the Report, the court notes that Plaintiff voluntarily dismissed the State of South Carolina and Sumter County as defendants to this action by failing to name them in the Amended Complaint. *See* (ECF No. 10 (Amended Complaint naming only Henry McMaster and Alan Wilson as defendants)). Therefore, Plaintiff's first set of objections are **OVERRULED**.

Plaintiff next attempts to object to the magistrate judge's finding, in *dicta*, that the state judicial employees identified in the Amended Complaint would be immune from suit if named as defendants. *See* (ECF No. 17 at 5–6). However, Plaintiff fails to address, let alone specify any error in, the magistrate judge's analysis that any such employees would be entitled to judicial or quasi-judicial immunity from suit. *See id*. Plaintiff also objects to the magistrate judge's statement in *dicta* that any interference by this court in Plaintiff's state court proceedings is barred under *Younger*. *Id*. at 6–7. Specifically, Plaintiff asserts that he is "filing this Complaint to merely get this court to compel the state court's [sic] to hear [his] submitted 'pro se' motions . . . ." *Id*. at 6. Plaintiff fails, however, to identify how the relief he seeks differs from the kind of interference

5

that is prohibited under *Younger*. Therefore, these fail to constitute specific objections to the Report and are **OVERRULED**.

Plaintiff's final objection merely expresses his disagreement with the magistrate judge's conclusion that the Amended Complaint fails to state a claim for relief and repeats the allegations set forth in the Amended Complaint. *See id*. at 7–10. It is well-settled in this district that objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Similarly, "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). Accordingly, this objection is also **OVERRULED** and,

because Plaintiff has failed to set forth any specific objections to the Report, the court need only review the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

Thus, having thoroughly reviewed the Report and the record in this case, the court, finding no clear error, agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 15), which are incorporated herein by reference. Accordingly, this action is **DISMISSED with prejudice** and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 19, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

7